UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 15-160 (DWF/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michael Lewis Griffin, | |
| Defendant. | |

Manda Sertich and Steven Schleicher, Assistant United States Attorneys, for Plaintiff.
Robert Richman for Defendant Michael Lewis Griffin.

**THIS MATTER** came before the undersigned United States Magistrate Judge on December 16, 2015 on Defendant Michael Lewis Griffin's pretrial motions to dismiss Counts 7, 8 and 9 for duplicity and Counts 2 and 6 on the ground that 18 U.S.C. § 1519 is unconstitutionally vague as applied (ECF Nos. 31 and 33). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, the Court recommends that Defendant's motions be **DENIED**.

### I. THE INDICTMENT

The Indictment alleges that Griffin, a licensed peace officer in the State of Minnesota currently employed by the Minneapolis Police Department, was involved in two separate physical altercations while off-duty wherein he displayed his badge and represented himself as a police officer. The four alleged victims in both of these altercations have been named as I.R., M.M., K.C., and J.A. Griffin was charged by a Grand Jury in the Indictment with the following crimes: (1) deprivation of rights under color of law in violation of 18 U.S.C. § 242 (Counts 1, 3, 4, and 5) , (2) destruction, alteration, or falsification of records in a federal investigation in violation of 18 U.S.C.

§ 1519 (Counts 2 and 6), (3) perjury at a civil deposition in violation of 18 U.S.C. § 1621 (Counts 7 and 8), and (4) perjury at a civil trial in violation of 18 U.S.C. § 1623 (Count 9). Griffin now moves to dismiss Counts 7, 8 and 9 as duplicitous and to dismiss Counts 2 and 6 as unconstitutionally vague. Mots. to Dismiss, ECF Nos. 31 and 33.

## II. CONCLUSIONS OF LAW

**A.     Motion to Dismiss for Duplicity (ECF No. 31)**

Duplicity is the joining in a single count, two or more distinct and separate offenses. *United States v. Street*, 66 F.3d 969, 974 (8th Cir. 1995). "The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." *United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994). The test for determining whether a perjury charge including separate statements constitutes a single offense is whether each alleged false statement in a given count requires "different factual proof of their falsehood." *United States v. Graham*, 60 F.3d 463, 467 (8th Cir. 1995).

Griffin is charged in Count 7 with making the following two false statements while under oath during a May 29, 2013 deposition:

> [Bouncers] . . . were actually physically carrying [I.R.]. He's trying to break through. We walked halfway up the thing. They let him go. If he kept trying to turn around they would push him and then they would say, 'Keep going. Don't stop. He really is a cop.
>
> [I.R.] came charging down the stairs. He already had his hands up. [. . .] He had just told me that he was going to kick my ass and right after that he came charging down the stairs towards me. . . .

Indictment 14, ECF No. 1 (punctuation in original).

Griffin is charged in Count 8 with making the following six false statements while under oath during a March 27, 2013 deposition:

2

> As I was standing [inside Loop Bar] . . . I got violently shoved from behind. [. . .] [J.A.] pushed me about five, ten feet forward.
>
> They're standing on the seats pointing over to me and yelling . . . they jumped down out of the booth and completely encircled me, and the larger white male is all the way, in my face and he's leaning in, 'I'll kick your ass, I'll kick your fucking ass. . . .
>
> When I reached the front door, the bouncer put his hand on my chest and said, '[D]on't go out there, they're waiting for you.' And I look out and they're waiting right by the door.
>
> [J.A. and M.M.] . . . got me in an . . . L-shape ambush technique, so one guy is in front of me, one guy is slightly behind me . . . and he is just crawling, he's down to the ground. . . .
>
> [J.A.] is trying to assault me.
>
> [M.M.] was attempting . . . [to assault me.]

*Id.* at 15 (punctuation in original).

Griffin is charged in Count 9 with making the following five false statements while under oath during his testimony at trial before this Court on December 10 and 11, 2013:

> I was pushed from behind . . . [h]ard enough to push me forward about five feet or so. . .
>
> [J.A. and K.C.] came down out of the booth and surrounded me . . . and [M.M.] . . . came immediately up to my face and started yelling about how he was going to kick my ass and do all this stuff to me.
>
> [A bouncer] put his hand on my chest and he stopped me and he goes, 'don't go out there. They're waiting for you.'
>
> [J.A.] tried to punch me.
>
> [Defendant kicked M.M. in the chest] because I felt it was necessary to defend myself because they were trying to jump me.

*Id.* at 16 (punctuation in original).

The Government intends to prove at trial that Griffin willfully and knowingly stated material

3

matters under oath which he did not believe to be true. Specifically, the factual proof the Government must put forward at trial to show the falsity of all statements, is that Griffin did not believe that he was in a position where he needed to defend himself. The unit of prosecution, in which the Grand Jury chose to charge Griffin, are the three respective instances where Griffin swore to tell the truth and then recounted an allegedly false factual scenario. All of the testimony at issue requires proof that despite Griffin's statements, he was never in a position where he needed to defend himself. Each of the thirteen statements at issue are a different way of asserting that Griffin was acting in self defense. The proof of falsehood is therefore the same for each of the statements. *Graham*, 60 F.3d at 467 (stating that where factual proof of falsehood is the same, the count is not duplicitous). Because none of the individual statements alleged to be false in Count 7, 8, or 9 respectively, require different factual proof of their falsehood, Griffin's motion to dismiss for duplicitous charging should be denied.[1]

**B.     Motion to Dismiss for Unconstitutional Vagueness (ECF No. 33)**

Griffin argues that Counts 2 and 6, charging him with violating 18 U.S.C. § 1519, should be dismissed because the statute is unconstitutionally vague as applied to him. The statute states:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to

---

[1] The Government also finds itself between a rock and a hard place in charging Griffin with perjury. Had the Government chosen to charge Griffin with thirteen different counts of perjury instead of three, such counts would likely have been multiplicitous and subject to dismissal. *See United States v. Edwards*, 976 F. Supp. 810, 811 (E.D. Ark. 1997) ("Multiplicity is the charging of a single offense in several counts. . . . The obvious ill to be avoided is that a multiplicity of charges heaps repeated punishments on the defendant and makes it appear that he has engaged in a crime spree, rather than a single violation of the law." (internal citations omitted)).

> impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519. Specifically, Griffin asserts that "[t]he 'in contemplation of an investigation' element is completely undefined and amorphous" and that Griffin could not have intended, when completing his police reports, to impede an investigation that would not begin until five years later. Mem. in Supp. of Mot. 1, 4, ECF No. 40.

"A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18 (2010). In *United States v. Yielding*, the Eighth Circuit held that liability under § 1519 arises:

> (1) when a defendant acts directly with respect to 'the investigation or proper administration of any matter,' that is, a pending matter, (2) when a defendant acts 'in . . . contemplation of any such matter,' and (3) when a defendant acts 'in relation to . . . any such matter.' . . . Congress thereby sought to extend the prohibition to situations in which the accused does not act directly with respect to a pending matter, but acts either in contemplation of a future matter or in relation to a pending matter. The statute, for example, does not allow a defendant to escape liability . . . because the investigation has not yet commenced.

657 F.3d 688, 711 (8th Cir. 2011). Just as in Griffin's case, an investigation had not yet commenced when Yielding committed the act for which he was accused of violating the statute. *Id.* at 715. The Eighth Circuit held that the statute was not unconstitutionally vague as applied to Yielding because:

> The plain language of the statute forbids the knowing falsification of a document with the intent to impede, obstruct, or influence the investigation or proper administration of a federal matter, even if that matter is not pending at the time of the obstructive act. A person of ordinary intelligence would understand that falsification of the [document] . . . qualifies as prohibited conduct.

*Id.* (citing *United States v. Hunt*, 526 F.3d 739, 743 (11th Cir.2008)). Where it has been established

5

that charging an individual under § 1519 with falsifying a promissory note prior to an investigation commencing is constitutional, as it provides fair notice of the prohibited act, *see id.* at 715, Counts 2 and 6 in this case must clearly be constitutional. Griffin is charged with falsifying two police reports in which he was entrusted to relay a factual scenario that may have resulted in prosecution and criminal charges being brought against those he described. The Court agrees with the Government that a person of ordinary intelligence would understand that falsifying a police report to cover up his unlawful deprivation of an individual's civil rights qualifies as prohibited conduct. Gov. Resp. Mem. 1–2, ECF No. 45. The Eighth Circuit's reasoning in *Yielding* governs this case and Griffin's motion to dismiss Counts 2 and 6 as unconstitutionally vague as applied to him should be denied.

### III. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's motion to dismiss Counts 7, 8, and 9 for duplicity (ECF No. 31) be **DENIED**;

2. Defendant's motion to dismiss Counts 2 and 6 as unconstitutionally vague as applied (ECF No. 33) be **DENIED**.

DATED: January 19, 2016         *s/Franklin L. Noel*
                                FRANKLIN L. NOEL
                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 2, 2016**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **February 2, 2016,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.