## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 15-160 (DWF/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Michael Lewis Griffin, | |
| Defendant. | |

## INTRODUCTION

This matter comes before the Court on Defendant Michael Lewis Griffin's ("Griffin") objections to Magistrate Judge Franklin L. Noel's January 19, 2016 Report and Recommendation ("R & R") (Doc. No. 49) and January 19, 2016 Order (Doc. No. 48).

In the R & R, Magistrate Judge Noel recommended that the Court deny Griffin's motion to dismiss Counts 7, 8, and 9 of the indictment (Doc. No. 31) and Griffin's motion to dismiss Counts 2 and 6 of the indictment (Doc. No. 33). Griffin objects to this recommendation. (Doc. No. 50.) In the Order, Magistrate Judge Noel issued rulings on multiple motions, including Griffin's motion to strike surplusage from the indictment (Doc. No. 26), Griffin's motion for a bill of particulars with respect to Counts 2 and 6 (Doc. No. 27), and Griffin's motion to sever Counts 1, 2, and 7 from Counts 3, 4, 5, 6, 8 and 9 of the indictment (Doc. No. 28). Magistrate Judge Noel denied these three

motions, and Griffin objects to these denials.  (Doc. No. 51.)  The Government has responded to Griffin's objections.  (Doc. No. 53.)

For the reasons set forth below, the Court:  (1) overrules Griffin's objections to Magistrate Judge Noel's R & R; (2) adopts the R & R; (3) denies Griffin's motions to dismiss; and (4) affirms Magistrate Judge Noel's Order denying Griffin's motion to strike surplusage, motion for a bill of particulars, and motion to sever counts.

## BACKGROUND

In this case, the indictment (Doc. No. 1) alleges that Griffin, a Minneapolis police officer, violated federal law in connection with two separate incidents occurring on May 29, 2010 (the "May 2010 Incident"), and November 5, 2011 (the "November 2011 Incident").  The indictment alleges that in each incident, Griffin—while off-duty—assaulted one or more victims while representing himself as a Minneapolis police officer.  The alleged victim in the May 2010 Incident is I.R., and the alleged victims in the November 2011 Incident are M.M., K.C., and J.A.  The indictment further alleges that after each incident, Griffin falsified police reports and gave false testimony under oath.  A federal grand jury charged Griffin with four crimes:  (1) deprivation of rights under color of law in violation of 18 U.S.C. § 242 (Counts 1, 3, 4, and 5); (2)  falsification of records with intent to impede a federal investigation in violation of 18 U.S.C. § 1519 (Counts 2 and 6); (3) perjury at a civil deposition in violation of 18 U.S.C. § 1621 (Counts 7 and 8); and (4) perjury at a civil trial in violation of 18 U.S.C. § 1623 (Count 9).  Counts 1, 2, and 7 relate to the May 2010 Incident, and Counts 3, 4, 5, 6, 8, and 9 relate to the November 2011 Incident.

## DISCUSSION

I.   **Objections to Magistrate Judge Noel's R & R**

Griffin objects to the two recommendations contained in the R & R: (1) that Griffin's motion to dismiss Counts 7, 8, and 9 be denied; and (2) that Griffin's motion to dismiss Counts 2 and 6 be denied. Under federal law, the district court judge "shall make a de novo determination of . . . [the] recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3); L.R. 72.2(b)(3).

   A.   **Motion to Dismiss Counts 7, 8, and 9**

Magistrate Judge Noel recommended denial of Griffin's motion to dismiss Counts 7, 8, and 9. All three of these counts charge Griffin with perjury: Count 7 alleges that Griffin made two false statements regarding the May 2010 Incident at a May 2013 deposition; Count 8 alleges that Griffin made six false statements regarding the November 2011 Incident at a March 2013 deposition; and Count 9 alleges that Griffin made seven false statements regarding the November 2011 Incident at a December 2013 civil trial. Because each count contains multiple allegedly false statements, Griffin argues that each count is impermissibly duplicitous.

As noted by Magistrate Judge Noel, duplicity is defined as joining two or more distinct and separate offenses in a single count. *United States v. Street*, 66 F.3d 969, 974 (8th Cir. 1995). In perjury cases, "separate false statements may be charged in separate perjury counts if they require different factual proofs of their falsehood, notwithstanding their relationship to a common nexus of fact." *United States v. Feldhacker*, 849 F.2d 293, 297 (8th Cir. 1988)). At the same time, "[w]here more than one act is charged in a

3

count, the count is not duplicitous if the acts were part of a transaction constituting a single offense." *United States v. Warner*, 428 F.2d 730, 735 (8th Cir. 1970).

Griffin objects to Magistrate Judge Noel's recommendation on two grounds. His first argument is that Magistrate Judge Noel incorrectly found that the statements in each count require the same factual proof of their falsehood—namely, factual proof that Griffin "was never in a position where he needed to defend himself." (R & R at 4.) Although the R & R's description of the necessary factual proof is broad, the Court agrees with Magistrate Judge Noel. Each statement included in Counts 7, 8, and 9 relates to threats to Griffin's immediate physical well-being. Accordingly, evidence that Griffin was not in fact threatened in the May 2010 Incident would support a finding that both statements in Count 7 are false, while evidence that Griffin was not in fact threatened in the November 2011 Incident would support a finding that all six statements in Count 8 and all seven statements in Count 9 are false. Individual statements within a single count would not necessarily require different proof of truth or falsity.

In addition, Counts 7, 8, and 9 are not duplicitous because the statements in each count all relate to a single chain of events—either the May 2010 Incident or the November 2011 Incident. With respect to Count 7, the statements are essentially Griffin's version of what happened during the May 2010 Incident. Testimony by witnesses to the May 2010 Incident would likely support the truth or falsity of both statements, and separate witnesses for each statement would probably be unnecessary. Similarly, with respect to Counts 8 and 9, the statements are essentially Griffin's version

of what happened during the November 2011 Incident, and testimony by witnesses to the November 2011 Incident would likely support the truth or falsity of all statements.

Griffin's second argument is that Magistrate Judge Noel's recommendation is contrary to Eighth Circuit law. The Court disagrees. In *Feldhacker*, the primary case upon which Griffin relies, the Eighth Circuit concluded that separate false statements "may" be charged in separate perjury counts, even when the false statements relate to common facts. 849 F.2d at 297. The Eighth Circuit did not hold that an indictment must contain separate counts for each false statement allegedly made by a defendant, or that multiple false statements related to a single chain of events must not be included in a single count. *See id.* As such, the Court finds no basis for dismissing Counts 7, 8, and 9 on duplicity grounds.

Notwithstanding the Court's finding, if at a later date the Court determines that there is a risk that the jury may convict Griffin of perjury under Count 7, 8, or 9 without unanimous agreement on Griffin's guilt with respect to a particular statement, the Court will address such risk with a jury instruction or a special verdict form. *See United States v. Yielding*, 657 F.3d 688, 702-03 (8th Cir. 2011); *United States v. Hughson*, 488 F. Supp. 2d 835, 838 (D. Minn. 2007) (adopting report and recommendation). The Court overrules Griffin's objection and adopts Magistrate Judge Noel's recommendation as to Griffin's motion to dismiss Counts 7, 8, and 9.

    **B.**    **Motion to Dismiss Counts 2 and 6**

Magistrate Judge Noel also recommended denial of Griffin's motion to dismiss Counts 2 and 6, which charge Griffin with falsifying police reports in violation of

18 U.S.C. § 1519.  According to Griffin, 18 U.S.C. § 1519 is unconstitutionally vague as applied to him.  The statute states:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519.  Under the so-called "void-for-vagueness" principle, a conviction under "a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement" violates the Due Process Clause of the Fifth Amendment.  *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015).  At the same time, the Due Process Clause does not require statutes to provide "perfect clarity and precise guidance."  *Holder v. Humanitarian Law Project*, 561 U.S. 1, 19 (2010) (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)).  And, "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others."  *Id.* at 18-19 (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982)).

Magistrate Judge Noel recommended denial of Griffin's motion in light of the Eighth Circuit's decision in *United States v. Yielding*, 657 F.3d 688 (8th Cir. 2011), and the Court agrees.  In *Yielding*, the defendant was charged with violating 18 U.S.C. § 1519 by falsifying a promissory note with intent to impede a federal investigation into a hospital's medical supply purchases.  657 F.3d at 710.  At the time the defendant falsified

6

the promissory note, the hospital was conducting an internal investigation, but no federal investigation had begun. *Id.* at 697-98. *Yielding* held that 18 U.S.C. § 1519 was not impermissibly vague as applied to the defendant, because even though the federal investigation was not pending at the time the defendant falsified the note, a person of ordinary intelligence would understand that 18 U.S.C. § 1519 prohibited such falsification. *Id.* at 715. Likewise here, as Magistrate Judge Noel recognized, a person of ordinary intelligence would understand that 18 U.S.C. § 1519 prohibits falsification of police reports with intent to impede a future investigation of a police officer's use of excessive force. *See also United States v. Moyer*, 674 F.3d 192, 211-12 (3d Cir. 2012) (finding that any person of ordinary intelligence would understand that § 1519 prohibits a police officer from knowingly writing a false report with intent to impede an ongoing or future investigation); *United States v. Hunt*, 526 F.3d 739, 743-44 (11th Cir. 2008) (holding that § 1519 put defendant on notice that knowingly making a false statement in police report was unlawful).

Griffin objects to Magistrate Judge Noel's recommendation for two reasons. First, Griffin contends that *Yielding* is factually distinct from this case because "the nexus between the obstruction and the investigation was clear" in *Yielding*, where the defendant probably knew that falsification of the promissory note would affect a future investigation. (Doc. No. 52 at 6-7.) This argument is unavailing because the Eighth Circuit has expressly rejected the so-called "nexus" requirement: "[T]he 'nexus' requirement urged by [the defendant]—that the government must show the accused knew his actions were likely to affect a federal matter—does not apply to a prosecution for the

7

knowing falsification of documents under § 1519." *Yielding*, 657 F.3d at 712; *see also United States v. Gray*, 642 F.3d 371, 378 (2d Cir. 2011) (rejecting argument that lack of evidence that defendants knew or contemplated that statements would be submitted to federal agency required reversal of § 1519 convictions). Griffin may not avoid liability by claiming that he did not know that falsification of police reports would be likely to affect a subsequent federal investigation. As such, the factual distinction claimed by Griffin is inapposite.

Second, Griffin claims that 18 U.S.C. § 1519 is unconstitutional because it does not provide defendants with notice of the evidence required to establish that obstructive conduct is "in contemplation of" a federal investigation, and that *Yielding* did not address this issue. The Court is unpersuaded. As explained in *Yielding*, "contemplation" has a "common usage and understanding" such that a reasonable jury "would understand the phrase 'in contemplation of' to refer to a matter that was not yet pending but which the defendant envisioned or anticipated." *Yielding*, 657 F.3d at 714; *see also United States v. Kernell*, 667 F.3d 746, 755 (6th Cir. 2012) ("Courts considering the question have consistently held that the belief that a federal investigation directed at the defendant's conduct might begin at some point in the future satisfies the 'in contemplation' prong."). Further, the Government claims that it will introduce evidence that Griffin was aware, based on his training, that incidents of alleged excessive force are subject to federal investigation. (Doc. No. 45 at 3.) If a jury concludes that Griffin envisioned or anticipated the federal investigation, then 18 U.S.C. § 1519 is not vague as applied to him. *See Hunt*, 526 F.3d at 742, 745. The Court overrules Griffin's objection and adopts

Magistrate Judge Noel's recommendation as to Griffin's motion to dismiss Counts 2 and 6.

## II.   Objections to Magistrate Judge Noel's Order

Griffin also objects to three rulings contained in the Order: (1) denial of Griffin's motion to strike surplusage; (2) denial of Griffin's motion for a bill of particulars; and (3) denial of Griffin's motion to sever counts. Under Federal Rule of Criminal Procedure 59, a "district judge must consider timely objections [to a magistrate judge's order] and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a); *see also* 28 U.S.C. § 636(b)(1); L.R. 72.2(a)(3).

### A.   Motion to Strike Surplusage

Magistrate Judge Noel denied Griffin's motion to strike surplusage, which asked the Court to strike certain paragraphs from the indictment that Griffin contends are repetitive or provide unnecessary details. "A motion to strike surplusage from an indictment is a matter within the court's discretion" and should only be granted when it is clear that the alleged surplusage is irrelevant or prejudicial. *United States v. DeRosier*, 501 F.3d 888, 897 (8th Cir. 2007). Magistrate Judge Noel concluded that the surplusage claimed by Griffin is relevant to the charges in the indictment and that such relevance outweighs any prejudice to Griffin. Further, the Order noted that the Court can cure any prejudice to Griffin by not reading the entire indictment to the jury. Indeed, the Court is willing to hear pretrial motions related to the issue of how the Court should present the information in the indictment to the jury. The Court finds that the denial of Griffin's motion to strike surplusage is neither contrary to law nor clearly erroneous.

### B.    Motion for a Bill of Particulars

Magistrate Judge Noel also denied Griffin's motion for a bill of particulars, which requested the Court to order the Government to specify how Griffin acted "in relation to" or "in contemplation of" a federal matter.  Like a motion to strike surplusage, a motion for a bill of particulars is a matter within the court's discretion.  *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011).  A court need not order a bill of particulars when the indictment enables the defendant "to understand the nature of the charges, prepare a defense, and avoid unfair surprise."  *Id.*  Magistrate Judge Noel found that the indictment was sufficiently clear and did not warrant an order for a bill of particulars.  The Court agrees and finds that the denial of Griffin's motion for a bill of particulars is neither contrary to law nor clearly erroneous.

### C.    Motion to Sever Counts

Last, Magistrate Judge Noel denied Griffin's motion to sever counts, which asked the Court to sever the counts related to the March 2010 Incident from the counts related to the November 2011 Incident.  An indictment may charge a defendant with multiple offenses if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  If an indictment's joinder of offenses is prejudicial, a "court may order separate trials of counts."  Fed. R. Crim. P. 14(a).  "A motion to sever is addressed to the sound discretion of the trial court," and "[j]udicial economy and legitimate public interests favor a joinder of all offenses against the accused."  *United States v. Dennis*, 625 F.2d 782, 801-02 (8th Cir. 1980).  Magistrate Judge Noel determined that the offenses

related to the May 2010 Incident were properly joined with the offenses related to the November 2011 Incident because the underlying incidents were similar in character and occurred within a relatively short period of time.  In addition, Magistrate Judge Noel found that the joinder does not prejudice Griffin because, under Federal Rule of Evidence 404(b)(2), evidence of the counts arising from the May 2010 Incident would be admissible in a trial of the counts arising from the November 2011 Incident, and vice versa.  The Court finds that the denial of Griffin's motion to sever counts is neither contrary to law nor clearly erroneous.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Michael Lewis Griffin's objections (Doc. No. [50]) to Magistrate Judge Franklin L. Noel's Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Franklin L. Noel's January 19, 2016 Report and Recommendation (Doc. No. [49]) is **ADOPTED**.

3. Defendant Michael Lewis Griffin's Motion to Dismiss Counts 7-9 for Duplicity (Doc. No. [31]) is **DENIED**.

4. Defendant Michael Lewis Griffin's Motion to Dismiss Charges of Anticipatory Obstruction of Justice in Counts 2 and 6 (Doc. No. [33]) is **DENIED**.

5. Magistrate Judge Franklin L. Noel's January 19, 2016 Order (Doc. No. [48]) is **AFFIRMED**.

Dated:  March 7, 2016                             s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  United States District Judge